**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEANDER MCLANE,

    Plaintiff,

vs.                                          CASE NO. 3:12-cv-406-J-99MMH-TEM

ETHICON ENDO-SURGERY, INC.,
a foreign corporation,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Compel Production of Documents (Doc. #45) filed August 22, 2013, and Plaintiff's Second Motion to Compel Production of Documents (Doc. #50) filed September 4, 2013. Defendant filed responses in opposition (Doc. #46, Doc. #52) on September 5, 2013 and October 4, 2013, respectively. Accordingly, the matter is now ripe for judicial review.

**BACKGROUND**

This products liability case is based upon the alleged failure of the Contour Curved Cutter Stapler (Model CR40G) and/or stapler reloads (Model CR40G) (collectively "Contour Stapler"), which are medical devices used by surgeons to perform low anterior resections of the colon. The devices are designed and manufactured by Defendant Ethicon Endo-Surgery, Inc. Plaintiff alleges one of the devices failed during a surgical procedure, leaving Plaintiff with a permanent colostomy.

Here, Plaintiff seeks discovery regarding what Defendant knew or should have known about adverse events pertaining to the Contour Stapler and its predicate devices.

Specifically, Plaintiff seeks the production of un-redacted Corrective and Preventive Action ("CAPA") documents and Failure Mode Effects Analysis ("FMEA") documents related to the Contour Stapler, Proximate Access 55 Articulating Linear Stapler and Proximate Linear Cutter. Plaintiff argues these documents are relevant because Defendant identified the Proximate Access 55 Articulating Linear Stapler and Proximate Linear Cutter as "substantially equivalent" predicate devices to satisfy the requirements for 501(k) clearance for the Contour Stapler. Plaintiff also seeks Product Inquiry Verification Reports ("PIVRs") previously viewed by Plaintiff's counsel. Plaintiff argues the PIVRs are relevant because they refer to predicate devices, and because Defendant waived any objections to producing these documents when Defendant invited Plaintiff's counsel to review its database and designate PIVRs for production. In response, Defendant argues the un-redacted CAPA documents, FMEA documents, and PIVRs are irrelevant, because they refer to predicate devices that are different than the Contour Stapler with respect to design, technology and function, and were not involved in Plaintiff's surgery. Further, Defendant argues information relating to the predicate devices will not assist Plaintiff's experts in reaching opinions as to the alleged defect of the Contour Stapler.

## **ANALYSIS**

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Wu v. Thomas,* 996 F.2d 271, 275 (11th Cir. 1993); *Commercial Union Insurance Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir. 1984); *Lee v. Etowah County Bd. of Educ.,* 963 F.2d 1416, 1420 (11th Cir. 1992). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of discretion to the prejudice of a party. *See Westrope*, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958). The scope of relevant discovery is broad, but not without its limits. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-52 (1978); *See also Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570 (11th Cir. 1992). A district court has the discretion to limit discovery upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. *Panola Land Buyers, Ass'n v. Shuman,* 762 F.2d 1550, 1558-59 (11th Cir. 1985). However, the burden rests on the party resisting discovery to show why the requested discovery should not be permitted. *Id.* at 1559. The burden on the resisting party is to specifically show how the objected-to request is unreasonable, irrelevant or otherwise unduly burdensome. *Id.*

Defendant has not met its burden of specifically showing how the requested documents are irrelevant. Defendant asserts that "the requested documents at issue in this motion relate to medical devices not involved in Plaintiff's surgery and which are wholly different in design, technology, and function as compared to the Contour Stapler (Doc. #46 at 3)." However, Defendant identified the predicate devices as "substantially equivalent" in representations to the Food and Drug Administration (Doc. #45 Ex. A-B). While the Contour Stapler is distinctive from its predicate devices, this Court understands that "[s]ubstantial equivalency [between a product and its predicate devices] can be established by comparing

3

'materials, design considerations, energy expected to be used or delivered by the device,' and operational principles, as well as device functions, scientific bases, and performance characteristics." *Healey v. I-Flow, LLC and DJO, Inc.,* 853 F. Supp.2d 868, 877 (D. Minn. 2012)(citing 21 C.F.R. § § 807.87(f), 807.92(a)(4)). It is likely that documents pertaining to the Contour Stapler's predicate devices are relevant insofar as discovery of the documents is reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *See also Davenport v. State Farm Mut. Auto Ins. Co.,* 2012 WL 555759, at *2 (M.D. Fla. February 21, 2012).

Further, Defendant invited Plaintiff to view and designate for production the PIVR documents in question at Defendant's offices in Blue Ash, Ohio (Doc. #45 at 2). Defendant allowed Plaintiff's counsel access to its database and did not place restrictions or parameters on documents Plaintiff's counsel was permitted to review and request. *Id.* at 2. Defendant now refuses to produce the documents designated for production. This Court will remind Defendant that discovery is intended to operate with minimal judicial supervision. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Accordingly, after due consideration, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Production of Documents (Doc. #45) is **GRANTED.** Defendant is directed to produce the CAPA and FMEA documents requested by Plaintiff in Plaintiff's Eighth Request to Produce and PIVR documents designated by Plaintiff's counsel at Defendant's offices in Blue Ash, Ohio.

2. Plaintiff's Second Motion to Compel Production of Documents (Doc. #50) is

**GRANTED.** Defendant is directed to produce un-redacted copies of the CAPA reports requested by Plaintiff.

3. The Court finds the information responsive to Plaintiff's discovery requests in Plaintiff's Motion to Compel (Doc. #45) and Plaintiff's Second Motion to Compel (Doc. #50) will be confidential and/or proprietary in nature, the public disclosure of which might harm either the parties to this suit or third parties. Additionally, the Court believes entry of a protective order would reasonably forestall new disputes over production of this same information. Therefore, in accordance with the discretion provided under Fed. R. Civ. P. 37, the Court will require all information disclosed under this Order remain confidential between the parties, their attorneys, attorney support staffs, and/or experts. Should any party or non-party determine further disclosure of this information to be necessary for litigation purposes, the party desiring further disclosure shall first seek consent of the opposing counsel. In the absence of agreement to further disclosure, an appropriate motion shall be made to the Court. Upon conclusion of this litigation, all information obtained pursuant to this Order shall be either destroyed by counsel or returned to the providing entity within **thirty (30) days** of final judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record

5